

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4191

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Singh v. Atty Gen USA" (2008). *2008 Decisions.* Paper 732.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/732

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4191

_____

BALJINDER SINGH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A76-143-790)

_____

Submitted under Third Circuit LAR 34.1 (a)
on April 11, 2008

Before:  SMITH, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: August 4, 2008)

_____

O P I N I O N

_____

**ROTH,** <u>Circuit Judge</u>:

Baljinder Singh seeks review of a final order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) that ordered Singh removed from the United States and denied his application for withholding of removal and protection under the Convention Against Torture. Singh argues that the IJ erred in making an adverse credibility finding against him and that the IJ failed to correctly consider the possibility of future persecution and torture. Finding no error, we will deny the petition for review.

## I. **BACKGROUND**

Singh, a forty-one year old married male, is a Sikh and a native and citizen of India. On December 5, 1997, Singh entered the United States at New York, New York, as a nonimmigrant visitor for pleasure with authorization to remain in the United States until June 4, 1998. Subsequently, on March 24, 2003, the INS initiated removal proceedings by charging Singh with removability because he remained in the United States past June 4, 1998, without authorization. Singh applied for asylum on December 9, 2003.

Singh was the only witness at the hearing before the IJ. He was represented by counsel. Singh initially testified that he left India because in 1984 "my brother's stuff got burned during [riots in Delhi.]" He added that, in 1990, his father was shot at his farm by unknown assailants during crossfire between police and a terrorist. Singh testified that after that the police came to their house, accused his brother and him of giving shelter to terrorists,

2

and detained them for two weeks, during which time they were beaten and tortured. Singh proffered no medical reports regarding this incident.

Singh's attorney then asked him "when you left India in 1997, who were you afraid of?" Singh responded, "police and Hindus." Singh testified that he joined Akali Del Amristar, a party supporting a free Khalistan, in "1993 or 1994", but stated that "[w]hile I was working for the organization, I had no problem." When asked when he first faced a problem, Singh stated "[the] [f]irst time I faced the problem was on second week of September in 1997." When Singh's counsel asked him again "'97?" as if to clarify, Singh responded "No, the first time I felt I had problems was in 1994, then 1990 . . . but . . . I had the problem in 1997." Singh related an incident in 1997 in which his house was raided and his brother arrested and detained for two or three days. He could not recall the specific date in 1997.

Singh's attorney asked him again "between 1990 and 1997, was there any other time that you were arrested by the police." Singh stated that "on April 13, 1995, we were stopped by the police . . . accus[ed] of working for Akali Dal Amritsar . . . we were detained for one day, we were not beaten, and we were released."

Finally, Singh testified that on August 15, 1995, he was arrested on his way back from a protest rally. He testified that he was detained for several days and beaten severely by the police. His asylum application states that he was arrested on August 15, 1996. When asked to explain the discrepancy, Singh testified that "it was a mistake . . . actually it was 1995."

3

Singh also testified that he suffered severe medical problems as a result of the beatings and proffered as proof a letter from his treating physician in India.

Singh was then asked why he had not applied for asylum immediately upon entering the United States. He responded that "I was looking for work, . . . and I found a girl . . . then I married her." Upon further questioning, he explained that he was separated from his wife and living with another woman, with whom he has two children.

Following a hearing on the merits of Singh's application, the IJ issued an oral decision denying his petition. The IJ found that his application for asylum was not timely, and there were no changed or extraordinary circumstances justifying the delay. The IJ further found that his testimony regarding past persecution was not credible and that he had not established that it was more likely than not that he would be persecuted or tortured if returned to India.

Singh appealed the decision to the BIA. In an order issued on August 31, 2006, the BIA dismissed Singh's appeal. The BIA made independent findings as to his failure to file for asylum in a timely fashion, and adopted and affirmed the IJ's decision with respect to Singh's credibility and his eligibility for withholding of removal. Singh then filed a petition for review.

We have exclusive jurisdiction to review final orders of removal pursuant to INA Section 242(a)(1). 8 U.S.C. § 1252(a)(1) (2005), as amended by The REAL ID Act of 2005,

4

§ 106, Pub. L. No. 109-13, Div. B, 119 Stat 231.[1]  Singh's petition for review was  timely

filed and venue is proper because the proceedings before the IJ were concluded in Newark,

New Jersey.

We will review the BIA's opinion and, to the extent that the Board summarily affirms

and adopts the IJ's decision, we will review the decision of the IJ. *See Abdulai v. Ashcroft*,

239 F.3d 542, 549 n. 2 (3d Cir. 2001), *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir.

2003).  We review factual findings to see if they are supported by substantial evidence.

*Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001).  Under this standard, "[factual]

finding[s] must be upheld unless the evidence not only supports a contrary conclusion, but

compels it."  *Abdille*, 242 F.3d at 483-84.

## II.  DISCUSSION

### A. Withholding

To qualify for withholding of deportation, Singh must show that it is more likely than

not that he will suffer persecution on account of a protected ground (race, religion,

nationality, membership in a particular social group, or political opinion) if he is deported.

*See* 8 U.S.C. § 1231(b)(3)(A); *INS v. Stevic*, 467 U.S. 407, 413, 424 (1984).  One way that

he may meet this burden is by showing past persecution, which raises a rebuttable

presumption of future persecution.  *See* 8 C.F.R. §§ 208.16(b)(1), (b)(2).  We have defined

---

[1]We do not have jurisdiction to review the BIA's determination that Singh's application
for asylum was time-barred.  8 U.S.C. § 1158(a)(3); *see also Sukwanputra v. Gonzales*, 434
F.3d 627, 635 (3d Cir. 2006).

persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005) (quoting *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)).

Singh argues that the IJ's adverse credibility finding regarding Singh's past persecution was not supported by substantial evidence and that the IJ and BIA did not correctly analyze the possibility of future persecution. We disagree.

The IJ based his adverse credibility finding on the fact that it took repeated questions from his attorney for Singh to testify to the 1995 arrest and on the discrepancy between the date attested to and the date provided in Singh's I-589 filing. The IJ put special emphasis on the date because it was the only specific date provided in Singh's filing. The IJ also found that the documentary evidence provided by Singh regarding his injuries was not convincing, as it consisted of a single medical report that did not detail the physician's qualifications or provide any particular diagnosis or treatment.

The IJ specifically discussed the likelihood of future persecution and that discussion was adopted by the BIA. The IJ reviewed the State Department Country Report on India and found that while torture and persecution do occur in India, it is not so widespread that any particular individual is more likely than not to be persecuted or tortured, whether or not that individual is a proponent of Khalistan. Singh presented no individualized evidence that he would be persecuted other than his advocacy of Khalistan and his claim of past persecution

that the IJ found not to be credible. Accordingly, the IJ held that Singh had not established a clear likelihood of future persecution.

**B. Convention Against Torture**

Withholding under the Convention Against Torture requires that the applicant "establish that it is more likely than not that he would be tortured if removed to the proposed country of removal." *See* 8 C.F.R. § 208.16(c)(2). Singh did not provide any evidence regarding torture that was not part of his argument for withholding based on future persecution. Accordingly, the above analysis applies and we find that he has failed to carry his burden under the Convention Against Torture.

## III. <u>CONCLUSION</u>

For the foregoing reasons, we will deny the petition for review.